UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 19-92-DLB

MICKEY MILLER and CYNTHIA MILLER,
personally and as next friend of GUNNAR MILLER                    PLAINTIFFS


v.                          MEMORANDUM ORDER


DAVID S. KAMP, and AARON KAMP,
by and through David S. Kamp as Next Friend                       DEFFENDANTS

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon Defendant David S. Kamp's Motion for Summary Judgment as to Count II of Plaintiffs' Complaint. (Doc. # 17). The matter has been fully briefed by the parties (Docs. # 17-1, 18-1, and 20) and is now ripe for the Court's review. For the reasons set forth herein, Defendant David Kamp's Motion is **granted**.

This case arises from a motor vehicle accident that occurred on August 4, 2018 at the intersection of State Highway 9, also known as the "AA," and Route 7 in Carter County, Kentucky. On that day, Plaintiff Mickey Miller was travelling west on the AA to Cincinnati. (Doc. # 18-3 at 1). His wife, Cynthia, and their grandson, Gunnar were passengers in the vehicle. (Docs. # 1-2 at 1 and 18-3 at 1-3). Miller's vehicle was at a stop, three cars behind a red light at the intersection when his vehicle was struck behind by a vehicle driven by Aaron Kamp. (Doc. # 18-3 at 2). Kamp was travelling home to Illinois. (Doc. # 17-2 at 1). His parents, David and Jan Kamp, and his sister Alena, were passengers in his vehicle. (Doc. # 17-1 at 1-2). At the time of the accident, Aaron Kamp

1

was 17 years old and had a permit license issued by the state of Illinois. (Doc. # 17-2 at 1).

The Millers claimed personal injury, as well as property damage, as a result of the accident. (Doc. # 1-2 at 4-5). They filed this civil action against David and Aaron Kamp in Carter Circuit Court, alleging negligence and other related claims. (*Id.* at 1-5). Defendants removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441 (Doc. # 1).

Defendant David Kamp seeks summary judgment as to Count II of Plaintiffs' Complaint, in which Plaintiffs allege:

> David Kamp was guilty of negligent entrustment in that he knew or should have known that the Defendant, Aaron Kamp was a negligent reckless driver.

(Doc. # 1-2 at 2).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden to show that there are no genuine issues of material fact falls on the parties seeking summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This Court will consider the evidence in the light most favorable to the non-moving parties, drawing all justifiable inferences in their favor. *Id.* The ultimate question is whether the evidence presents a sufficient factual

disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law. *Id*. at 251-52.

Under Kentucky law, "the owner [of a vehicle] is liable if he knows, or under the facts known to him in the exercise of ordinary care should know, that the person driving the car is incompetent to drive it." *Owensboro Undertaking & Livery Ass'n v. Henderson*, 115 S.W.2d 563, 564 (Ky 1938). The pertinent inquiry is whether the owner of the property knew or should have known of the danger in entrusting his property to another. *See Hercules Powder Co. v Hicks,* 453 S.W.2d 583, 587 (Ky. 1970).

There is no dispute that David Kamp owned the vehicle his son Aaron was driving when the accident occurred. According to his affidavit, David Kamp knew his son was 17 years old and had a permit license from Illinois. (Doc. # 17-2 ¶ 2). Prior to August 4, 2018, Aaron Kamp had not been involved in a car accident. (*Id*. ¶ 3). On the day of the accident, Aaron Kamp was not on any medication; nor had he consumed drugs or alcohol. (*Id*. ¶ 4). David Kamp points out that had he felt that his son was incapable of driving, he would not have let him drive the car in which he, his wife, and his daughter were passengers. (*Id*. ¶ 5).

Once the party seeking summary judgment submits affidavits or the like in support of its position, it is incumbent upon the party opposing summary judgment to demonstrate the existence of a genuine issue of fact; the nonmovant must point to evidence in the record upon which a reasonable finder of fact could find in his favor. *Anderson*, 477 U.S. at 258. Plaintiffs have failed to do so here. Instead, they simply assert that Aaron Kamp's age, inexperience, and the fact of the accident itself are enough to establish negligent entrustment. (Doc. # 18-1 at 3-4). In making this argument, Plaintiffs appear to assert a

3

type of *per se* negligent entrustment.  However, this is not the law in Kentucky.  As Defendant points out, if it were, then every parent of a child under the age of 18 who is involved in an accident would be liable for negligent entrustment.  (Doc. # 17-1 at 3).

Rather, under Kentucky law, the owner of the vehicle must have some knowledge that the driver of the vehicle might operate it in a reckless manner.  Mr. Kamp's affidavit establishes that he did not have such knowledge.  Plaintiffs have not presented any evidence to the contrary.  Accordingly, Plaintiffs have not raised an issue of material fact with respect to negligent entrustment and, therefore, summary judgment is appropriate as to this claim.  Accordingly,

**IT IS ORDERED** as follows:

(1)     Defendant David S. Kamp's Motion for Summary Judgment as to Count II of Plaintiffs' Complaint (Doc # 17) be, and is hereby **GRANTED**;

(2)     The Pretrial Conference previously scheduled for Tuesday, October 20, 2020 at 11:00 a.m. is hereby **rescheduled and converted** to a **Status Conference** on **Friday**, **October 23, 2020 at 8:30 a.m. in Ashland.**

This 14th day of October, 2020.



Signed By:
*David L. Bunning*
**United States District Judge**

J:\DATA\ORDERS\Ashland Civil\2019\19-92 Order Granting SJ in Part.docx